IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

A Z N H REVOCABLE TRUST, *Plaintiff/Appellant/Cross-Appellee*,

*v.*

SUNLAND SPRINGS VILLAGE HOWEOWNERS ASSOCIATION,
*Defendant/Appellee/Cross-Appellant*.

No. 1 CA-CV 25-0424
FILED 04-28-2026

---

Appeal from the Superior Court in Maricopa County
No.  CV2023-096192
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED**

---

COUNSEL

John Sullivan, Chandler
*Counsel for Plaintiff/Appellant/Cross-Appellee*

Freeman Mathis & Gary, LLP, Scottsdale
By Lisa M. Lampkin, Megan E. Ritenour
*Co-Counsel for Defendant/Appellee/Cross-Appellant*

Maxwell & Morgan, P.C., Mesa
By Chad M. Gallacher
*Co-Counsel for Defendant/Appellee/Cross-Appellant*

---

## OPINION

Judge James B. Morse Jr. delivered the opinion of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

**¶1**        A Z N H Revocable Trust ("Homeowner") appeals the superior court's partial denial of summary judgment in its declaratory judgment action seeking to establish that Sunland Springs Village Homeowners Association ("Sunland Springs") failed to provide notices and agendas, and conduct its meetings in compliance with A.R.S. § ("Section") 33-1804.  Sunland Springs cross-appeals the superior court's partial grant of summary judgment to Homeowner.  Because Section 33-1804 requires associations[1] to vote and take action at open meetings, we affirm the superior court on that issue.  But Section 33-1804 requires associations to provide agendas containing information reasonably necessary to apprise association members about the topics to be addressed, so we reverse the superior court's denial of summary judgment on that issue.  Further factual development is necessary to determine whether Sunland Springs complied with Section 33-1804 when identifying the reasons for its closed meetings, so we remand on that issue.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Sunland Springs is an association subject to the provisions of A.R.S. Title 33, Chapter 16.  A.R.S. §§ 33-1801–20.  Homeowner owns residential real property in the planned community managed by Sunland Springs.

**¶3**        Sunland Springs conducts business through board of directors' meetings, which are sometimes closed.  Sunland Springs does not permit residents to attend closed meetings except by invitation.  The president of Sunland Springs determines what business is addressed in closed meetings.  Before closed meetings, Sunland Springs provides notice to members that includes the date, time, and place of closed meetings, and quotes the language of Section 33-1804(A) allowing for closed meetings.

---

[1]        Throughout this opinion, we use the word "association" as defined in Section 33-1802(1).

Sunland Springs provides agendas for its closed meetings which identify matters only by the paragraph of Section 33-1804(A) that corresponds to the topic of the matter. Sunland Springs conducts formal business and voting during its closed meetings. During closed meetings, the board has, among other things, approved a $917,000 budget item, granted the community manager up to $7,000 in discretionary spending authority, addressed 13 waivers of the minimum age requirement for residents, and authorized foreclosures against two homeowners.

¶4         In December 2023, Homeowner filed a declaratory judgment action against Sunland Springs, alleging Sunland Springs failed to conduct its meetings in compliance with Section 33-1804. After initial discovery, Homeowner moved for summary judgment on three issues. First, Homeowner argued Sunland Springs improperly voted and took formal action in closed meetings. Second, Homeowner argued Sunland Springs had to designate the agenda items discussed in closed meetings by formal action at open meetings. Third, Homeowner argued Sunland Springs failed to provide proper notices and agendas for its closed meetings.

¶5         The superior court granted summary judgment in part and denied it in part. It held that Section 33-1804 required Sunland Springs to conduct its votes in open session. The superior court further held that Section 33-1804 did not require Sunland Springs to determine through formal action at an open meeting which agenda items would be discussed at a closed meeting. Finally, the superior court determined that Section 33-1804 did not require Sunland Springs to provide information about topics discussed at a closed meeting in its notices or agendas, beyond a citation to the paragraph of Section 33-1804(A) under which the association closed the meeting.

¶6         The superior court's denial of summary judgment to Homeowner on whether Sunland Springs had to designate the agenda items discussed in closed meetings by formal action at open meetings and whether Sunland Springs failed to provide proper notices and agendas for its closed meetings effectively resolved those issues in Sunland Springs' favor. The summary judgment ruling ordered the parties to confer and determine whether the summary judgment ruling resolved all the claims in the case. The parties agreed that it did, and the superior court entered a judgment under Arizona Rule of Civil Procedure 54(c) that incorporated the summary judgment ruling. Homeowner appealed and Sunland Springs cross-appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7          There are three issues in this case. First, whether Section 33-1804 permits associations to conduct votes and take formal actions in closed meetings. Second, whether Section 33-1804 requires associations to determine through formal action during an open meeting what issues will be discussed in a closed meeting. Third, whether association notices and agendas must provide reasonably necessary information to comply with Section 33-1804.

¶8          These are issues of statutory interpretation, which we review de novo. *Sunland Dairy LLC v. Milky Way Dairy LLC*, 251 Ariz. 64, 67, ¶ 9 (App. 2021). In so doing, we "determine the meaning of the words the legislature chose to use. We do so neither narrowly nor liberally, but rather according to the plain meaning of the words in their broader statutory context, unless the legislature directs us to do otherwise." *S. Ariz. Home Builders Ass'n v. Town of Marana*, 254 Ariz. 281, 286, ¶ 31 (2023).

¶9          We also keep in mind that Section 33-1804(F) contains a legislative policy statement:

> It is the policy of this state as reflected in this section that all meetings of a planned community, whether meetings of the members' association or meetings of the board of directors of the association, be conducted openly and that notices and agendas be provided in advance for those meetings that contain the information that is reasonably necessary to inform the members of the matters to be discussed or decided and to ensure that members have the ability to speak after discussion of agenda items, but before a vote of the board of directors or members is taken. Toward this end, any person or entity that is charged with the interpretation of these provisions, including members of the board of directors and any community manager, shall take into account this declaration of policy and shall construe any provision of this section in favor of open meetings.

A.R.S. § 33-1804(F). "We . . . may consider a statement of legislative intent, including a construction provision, in discerning the meaning of a statute." *Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 137, 142, ¶ 16 (2024); *see also State ex rel. Ariz. Dep't of Revenue v. Tunkey*, 254 Ariz. 432, 438, ¶ 27 (2023) (Justice Bolick, concurring) (explaining it is "our duty to ascertain statutory meaning" through the prisms of legislatively enacted "findings, purposes,

or definitions"). We do not depart from the statutory text, but if a statute is "ambiguous or of doubtful meaning or application . . . if [it] can be given a construction which is consistent with its declared purpose, it will be so construed." *Sakrison v. Pierce*, 66 Ariz. 162, 172 (1947).

## I.   Voting in Closed Meetings.

¶10        Sunland Springs challenges the superior court's holding that "all voting or formal actions by [Sunland Springs'] Board of Directors must occur in open meetings." Section 33-1804(A) provides in part that:

> Any portion of a meeting may be closed only if that closed portion of the meeting is limited to consideration of one or more of the following:
>
> 1. Legal advice from an attorney for the board or the association. On final resolution of any matter for which the board received legal advice or that concerned pending or contemplated litigation, the board may disclose information about that matter in an open meeting except for matters that are required to remain confidential by the terms of a settlement agreement or judgment.
>
> 2. Pending or contemplated litigation.
>
> 3. Personal, health or financial information about an individual member of the association, an individual employee of the association or an individual employee of a contractor for the association, including records of the association directly related to the personal, health or financial information about an individual member of the association, an individual employee of the association or an individual employee of a contractor for the association.
>
> 4. Matters relating to the job performance of, compensation of, health records of or specific complaints against an individual employee of the association or an individual employee of a contractor of the association who works under the direction of the association.
>
> 5. Discussion of a member's appeal of any violation cited or penalty imposed by the association except on request of the affected member that the meeting be held in an open session.

A.R.S. § 33-1804(A). Notably, the statute states that an association may close a meeting for "consideration" of certain subjects. Sunland Springs argues that "consideration" encompasses voting and taking formal action on agenda items. The superior court disagreed and held consideration did not include voting or taking formal action. We agree with the superior court.

**¶11** Section 33-1804 does not define "consideration." Sunland Springs provides dictionary definitions of "consideration" to guide our analysis. *See State ex rel. Montgomery v. Harris*, 237 Ariz. 98, 101, ¶ 9 (2014) (approving the use of dictionaries to establish the meaning of undefined terms). Sunland Springs cites dictionaries defining "consider" as "spend[ing] time thinking about a possibility or making a decision." Consider, Cambridge Dictionary, [https://dictionary.cambridge.org/dictionary/english/consider](https://dictionary.cambridge.org/dictionary/english/consider) (last visited April 16, 2026). Sunland Springs also notes Homeowner offered the following definitions of consideration in superior court, "[1] continuous and careful thought; [2] a matter weighed or taken into account when formulating an opinion or plan; and [3] an opinion obtained by reflection." (alterations in original). *See* Consideration, Merriam-Webster, [https://www.merriam-webster.com/dictionary/consideration](https://www.merriam-webster.com/dictionary/consideration) (last visited April 16, 2026). But none of these definitions support Sunland Springs' position. Rather, they emphasize thought, reflection, and formulation—processes which come before formal action is taken. The superior court correctly held that "[c]onsideration encompasses[] thought and discussion about matters. It does not encompass voting, which is the formal expression of a final decision that occurs after a matter has been considered."

**¶12** The broader statutory context of Section 33-1804 also supports a narrow definition of "consideration." *See Matter of Conservatorship of Chalmers*, --- Ariz. ---, ---, ¶ 18, 571 P.3d 885, 889 (2025) (explaining the necessity of examining statutory provisions in context). For example, Section 33-1804(A) provides that associations "shall allow a member or member's designated representative to speak once after the board has discussed a specific agenda item but before the board takes formal action on that item." A.R.S. § 33-1804(A). If we read Section 33-1804(A) to allow associations to vote in a closed meeting, then a member could not speak after discussion but before formal action on a closed-meeting agenda item. We cannot adopt an interpretation that renders statutory language a nullity. *See State v. Serrato*, 259 Ariz. 493, 497, ¶ 16 (2025) (approving "reading statutes as a cohesive whole so that 'no word or provision is rendered superfluous'" (quoting *In re Riggins*, 257 Ariz. 28, 31, ¶ 12 (2024))).

¶13 Sunland Springs also argues that requiring it to vote and take formal actions during open meetings would cause Section 33-1804(A) to conflict with Section 33-1805(B). Section 33-1805(B) provides as follows:

> Books and records kept by or on behalf of the association and the board may be withheld from disclosure to the extent that the portion withheld relates to any of the following:
>
> [. . .]
>
> 3. Meeting minutes or other records of a session of a board meeting that is not required to be open to all members pursuant to § 33-1804.

A.R.S. § 33-1805(B). Sunland Springs asserts that this provision indicates an association may keep minutes of its closed meetings. Sunland Springs further notes that Section 10-11601 suggests that minutes are primarily meant to capture formal actions taken by a corporate board. *See* A.R.S. § 10-11601. Sunland Springs thus argues that associations must be allowed to vote and take formal actions in closed meetings. But minutes are not only to record votes and formal actions. An association may take meeting minutes even if it does not vote or take formal action at a meeting. *Cf.* A.R.S. § 38-431.03 (acknowledging public bodies may take minutes in executive session despite an explicit prohibition on voting in executive session). Section 33-1805 does not support the proposition that associations may vote or take formal action in closed meetings, and it does not conflict with Section 33-1804.

¶14 Moreover, interpreting Section 33-1804 to prohibit associations from voting or taking formal actions in closed meetings conforms to the legislature's instruction to construe these provisions in favor of open meetings and is necessary to give meaning to the entirety of Section 33-1804(A). *See* A.R.S. § 33-1804(F). At oral argument, Sunland Springs correctly conceded that "consideration" in Section 33-1804(A) is ambiguous. To resolve that ambiguity, we consider the policy statement contained in Section 33-1804(F) and construe Section 33-1804(A) in favor of open meetings. *See Sakrison*, 66 Ariz. at 172. Section 33-1804(F) explains that the goal of Section 33-1804 is to promote open meetings and "to ensure that members have the ability to speak after discussion of agenda items but before a vote . . . is taken." A.R.S. § 33-1804(F). Requiring association boards to vote and take formal action at open meetings achieves this purpose. We affirm the superior court's partial grant of summary judgment on this issue.

## II.  Determination of Closed Meeting Issues.

**¶15**        Homeowner argues that Section 33-1804(C) requires the Sunland Springs board, not its president, to determine through formal action at an open meeting which issues it will address at a closed meeting. That statute provides as follows:

> Before entering into any closed portion of a meeting of the board of directors, or on notice of a meeting under subsection D of this section that will be closed, the board shall identify the paragraph under subsection A of this section that authorizes the board to close the meeting.

A.R.S. § 33-1804(C).  Nothing in Section 33-1804(C) suggests the only way to comply with the statute is formal action at an open meeting by an association's board.  Section 10-3801 provides that "[a]ll corporate powers shall be exercised by or under the authority of and the affairs of the corporation shall be managed under the direction of its board of directors." A.R.S. § 10-3801(B).  An association's board may delegate its identification authority under Section 33-1804(C).

**¶16**        In this case, the Sunland Springs board president is responsible for deciding which agenda items are discussed at closed meetings and why.  The record here is unclear whether Sunland Springs' board ever formally delegated responsibility for compliance with Section 33-1804(C) to the president.  We remand for additional factual development to determine whether Sunland Springs' practice complies with Section 33-1804(C).

## III.  Notices and Agendas.

**¶17**        Homeowner argues that Sunland Springs' meeting notices and agendas violate Section 33-1804 because they fail to provide information that is reasonably necessary to inform its members about its closed meetings.  In response, Sunland Springs argues Section 33-1804(F) does not apply to closed meetings and no information beyond citing the paragraph of Section 33-1804(A) allowing a closed meeting is required in its notices and agendas.  We look to the policy statement in Section 33-1804(F) to resolve any ambiguity.  *See Sakrison*, 66 Ariz. at 172.

### A.  Application of Section 33-1804(F) to Closed Meetings.

**¶18**        Sunland Springs argues that the policy statement in Section 33-1804(F) does not apply to closed meetings.  It focuses its argument on

the term "those meetings" in the first sentence of Section 33-1804(F), *see supra* ¶ 9, and asserts that "those meetings" is intended to encompass only open meetings. We disagree. The phrase "those meetings" must be read in the context of the whole sentence. *See Stambaugh*, 242 Ariz. at 509, ¶ 7 ("Words in statutes should be read in context in determining their meaning."). The sentence first references "all meetings" of an association. "Those meetings" relates back to this first reference. Section 33-1804(F) applies to "all meetings" of an association.

## B. Meeting Notices.

**¶19** Sunland Springs argues its closed meeting notices comply with the statute because the notices include the date, time, and place of the meeting and the paragraph in Section 33-1804(A) which justifies closing the meeting. We agree. A notice is required to include the "date, time and place of the meeting." A.R.S. § 33-1804(D). And an association must list the paragraph under Section 33-1804(A) that justifies the closed meetings. A.R.S. § 33-1804(C). Sunland Springs' notices comply with both statutory requirements. We affirm the superior court's partial denial of summary judgment as to the adequacy of the meeting notices.

## C. Meeting Agendas.

**¶20** The superior court denied Homeowner summary judgment on its claim that Sunland Springs' notices and agendas failed to comply with Section 33-1804(F). But the superior court only addressed notices in its explanation of that decision. Meeting notices inform association members when and where a meeting will take place, and what type of meeting it is. *See* A.R.S. § 33-1804(C) and (D). While the statute provides specific requirements for the contents of a meeting notice, the statute does not provide the same detail for meeting agendas. This lack of detail creates ambiguity in the application of the statute to Sunland Springs' meeting agendas. *Cf. Planned Parenthood Ariz., Inc.*, 257 Ariz. at 151, ¶ 55 (concluding a statute was ambiguous because its text failed to reveal its application). As a result, we may look to Section 33-1804(F) to provide guidance from which we may infer requirements for a meeting agenda.

**¶21** Section 33-1804(A) requires that associations "allow a member or member's designated representative to speak once after the board has discussed a specific agenda item but before the board takes formal action on that item in addition to any other opportunities to speak." Section 33-1804(F) calls for associations to provide agendas "that contain the information that is reasonably necessary to inform the members of the

matters to be discussed or decided" in advance of association meetings. A.R.S. § 33-1804(F). Association members need access to reasonable information about agenda items, as Section 33-1804(F) envisions, to speak meaningfully on those agenda items. Sunland Springs' position that a meeting agenda need not contain any particular information about subjects addressed in closed meetings deprives association members of any opportunity to speak substantively on those agenda items before the association board takes formal action. Sunland Springs' proffered interpretation is contrary to the legislative policy statement enacted in Section 33-1804(F).

**¶22**      To comply with Section 33-1804, a meeting agenda must provide information that reasonably advises association members about the items being addressed at a meeting, even a closed meeting. Section 33-1804(F) does not require associations to reveal any personally identifying information or attorney-client privileged information discussed in closed meetings. However, an association must provide an agenda containing more than just a reference to the paragraph under Section 33-1804(A) that justifies closing the meeting. We reverse the superior court on this point.

## CONCLUSION

**¶23**    We affirm the superior court's decision that all voting or formal actions of an association must occur during open meetings and that the content of Sunland Springs' notices comply with Section 33-1804. But we remand for the superior court to determine whether Sunland Springs complied with Section 33-1804 when identifying the reasons for its closed meetings.

**¶24**    We reverse the superior court's determination that Sunland Springs' closed meeting agendas complied with Section 33-1804. Because the agendas failed to provide reasonably necessary information to association members about the business being addressed at those meetings, they did not comply with Section 33-1804.

**¶25**    Because both parties prevailed in part, we decline to award costs on appeal to either party. *In re V.L.*, 258 Ariz. 391, 398, ¶ 27 (App. 2024). We remand for further proceedings consistent with this opinion.

